UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAUL CHIME, Individually and on Behalf of All
Other Persons Similarly Situated,

               Plaintiff,

   v.

PEAK SECURITY PLUS, INC.,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

Case No.: _____

CLASS AND COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

NATURE OF THE ACTION

1.     Plaintiff Paul Chime ("Plaintiff Chime") alleges on behalf of himself and other similarly situated current and former employees of Defendant Peak Security Plus, Inc. ("Peak Security") and those who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) unpaid wages from Defendant Peak Security for off-the-clock work and for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff Chime further complains on behalf of himself, and a class of other similarly situated current and former employees of Defendant Peak Security, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages from Defendant Peak Security for off-the-clock work and for overtime work for which they did not receive overtime premium pay, as required by the New York Labor Law ("NYLL") §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of

Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL), and (ii) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Paul Chime was, at all relevant times, an adult individual, residing in Brooklyn, New York, County of Kings.

7. Upon information and belief, Defendant Peak Security is a New York Corporation, with a principal place of business at 196 Clinton Avenue, Brooklyn, New York 11205.

8. Upon information and belief, Defendant Peak Security is an enterprise engaged in commerce or in the production of goods for commerce. Defendant Peak Security is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

9. Peak Security has directly or indirectly, has hired and fired Plaintiff Chime and other employees, controlled Plaintiff's work schedule and conditions of employment, determined the rate and method of his payment, and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

10. Under 29 U.S.C. §207, Plaintiff Chime seeks to prosecute his FLSA claims as a collective action on behalf of all persons Defendant Peak Security employed and are employing as security guards or patrol guards ("security guards") at any time since January 28, 2013 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per workweek and who were not paid for their off-the-clock work (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant Peak Security, upon information and belief, approximately one hundred (100) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiff Chime will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent

in the fields of employment law and class action litigation. Plaintiff Chime has no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant Peak Security has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff Chime and other Collective Action Members are:

   a. whether Defendant Peak Security employed the Collective Action members within the meaning of the FLSA;

   b. whether Defendant Peak Security failed to keep true and accurate time records for all hours worked by Plaintiff Chime and the Collective Action Members;

   c. whether Defendant Peak Security failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiff Chime and the Collective Action Members were employed, violating 29 C.F.R. § 516.4;

d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e. whether Defendant Peak Security failed to pay Plaintiff Chime and the Collective Action Members for off-the-clock work, violating the FLSA and the regulations promulgated thereunder;

f. whether Defendant Peak Security failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

g. whether Defendant Peak Security misclassified the Collective Action Members as exempt from overtime;

h. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

i. whether Defendant Peak Security is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

j. whether Defendant Peak Security should be enjoined from such violations of the FLSA in the future; and

k. whether the statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

## CLASS ALLEGATIONS

15. Plaintiff Chime sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

16. Plaintiff Chime brings his NYLL claims on behalf of all persons who Defendant Peak Security are employing and have employed as security guards or patrol guards ("security guards") at any time since January 28, 2013, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who have not been paid for their off-the-cock work and for overtime compensation at rates not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Rule 23 Class Members").

17. The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant Peak Security, upon information and belief, approximately one hundred (100) Rule 23 Class Members exist during the Class Period.

18. Plaintiff's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

19. Defendant Peak Security has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. Plaintiff Chime is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

21. Plaintiff Chime has the same interest in this matter as all other members of the class and Plaintiff's claims are typical of the Rule 23 Class.

22. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

    a. whether Defendant Peak Security employed Plaintiff Chime and the Rule 23 Class Members within the meaning of the NYLL;

    b. whether Defendant Peak Security failed to keep true and accurate time records for all hours worked by Plaintiff Chime and the Rule 23 Class Members;

    c. whether Defendant Peak Security failed to post or keep posted a conspicuous notice explaining the minimum wages and overtime pay rights provided by the NYLL in any area where Plaintiff Chime and the Rule 23 Class Members are or were employed, violating the NYLL;

    d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    e. whether Defendant Peak Security failed and/or refused to pay Plaintiff Chime and the Rule 23 Class Members premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

  f. whether Defendant Peak Security failed and/or refused to pay Plaintiff Chime and the Rule 23 Class Members for off-the-clock work;

  g. whether Defendant Peak Security failed to post the notice required by NYLL § 198-d;

  h. whether Defendant Peak Security misclassified Plaintiff Chime and the Rule 23 Class Members as exempt from overtime;

  i. whether Defendant Peak Security is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

  j. whether Defendant Peak Security should be enjoined from such violations of the NYLL in the future.

## STATEMENT OF FACTS

23. At all relevant times, upon information and belief, Defendant Peak Security provides security guard services throughout New York City, primarily at construction sites.

24. Defendant Peak Security employed Plaintiff Chime as a security guard at various sites from September 2009 until November 13, 2011.

25. As a security guard, Plaintiff Chime's primary duties were the same regardless of the site: to monitor and control who is entering and existing the sites to which he was assigned and preventing theft.

26. Throughout the time Defendant Peak Security employed Plaintiff Chime and, upon information and belief, both before that time and continuing until today (the

Class and Collective Action Period), Defendant has likewise employed other individuals like Plaintiff Chime (the Rule 23 Class and Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

27. During the Class and Collective Action Period, Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members often worked forty (40) or more hours per workweek.

28. During the Class and Collective Action Period, Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members regular work schedule was for forty (40) hours.

29. During the Class and Collective Action Period, Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members frequently worked beyond their regular work schedule when they would be asked to cover another security guard's shift, when they were directed to arrive before their shift started, and when they were required to stay beyond their shift was scheduled to end.

30. Defendant Peak Security knew that Plaintiff Chime and the Rule 23 Class and Collective Action Members were working before, after and beyond their scheduled shifts and permitted them to do so.

31. During the Class and Collective Action Period, Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Member would sign in and out of log books at job sites to track their hours.

32. During the Class and Collective Action Period, Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members were paid an

hourly rate of $12.00 per hour for every hour they worked up to forty (40) hours per workweek.

33. During the Class and Collective Action Period, when Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members worked above forty (40) hours in a workweek, Defendant Peak Security paid them $9.99 for every such hour.

34. Defendant Peak Security did not pay Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members premium pay of one and one-half (1 ½) times their regular rate of pay for any hours they worked in excess of forty (40).

35. Defendant Peak Security would issue to Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members a weekly paycheck for their compensation for every hour they worked up to forty (40) in a week.

36. Defendant Peak Security did not pay Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members on a weekly basis for every hour that they worked above forty (40) in a week.

37. When Defendant Peak Security did pay Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members for their hours above forty (40) in a week, they were paid in cash.

38. Defendant did not pay Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members for every hour they worked above forty (40) in a week, resulting in them working several hours for which they were not compensated.

39. Plaintiff Chime previously discussed with his manager, Mr. Stanley, about whether he would receive overtime.

40. From speaking with them, Plaintiff Chime knows that other Rule 23 class and Collective Action Members were, like him, not paid overtime premium pay and were not paid for all hours worked.

41. Plaintiff Chime and, upon information and belief, the Rule 23 Class and Collective Action Members would have to attend training seminars, for which Defendant Peak Security would deduct $40.00 from their wages, resulting in them not being compensated for the hours worked during the training.

42. Defendant Peak Security has a high turnover rate with the security guards who they employ, with some voluntarily terminating their employment and others having their employment involuntarily terminated.

43. From personal observations, including seeing a list of at least one hundred (100) security guards, Plaintiff Chime is aware of at least one hundred (100) Rule 23 Class and Collective Action Members.

44. Defendant Peak Security did not and do not compensate Plaintiff and, upon information and belief, the Rule 23 Class and Collective Action Members for all the hours that they worked as security guards.

45. While working for Defendant Peak Security, Plaintiff Chime did not see any poster or notice at Defendant's office at 196 Clinton Avenue, Brooklyn, New York informing him of his right to a minimum wage or overtime premium pay.

46. Throughout the Class and Collective Action Period, upon information and belief, Defendant Peak Security failed to maintain accurate and sufficient time records.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff Chime and the Collective Action Members)

47. Plaintiff Chime repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

48. At all relevant times, Defendant Peak Security has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendant Peak Security employed, and/or continues to employ, Plaintiff Chime and each of the Collective Action Members within the meaning of the FLSA.

50. Upon information and belief, at all relevant times, Defendant Peak Security has had gross revenues in excess of $500,000.

51. Plaintiff Chime consents in writing to be a party to this action under 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

52. Defendant Peak Security was required to pay Plaintiff Chime and the Collective Action Members no less than one and one-half (1 ½) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. At all relevant times, Defendant Peak Security had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

54. Defendant Peak Security has willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

55. As a result of Defendant's failure to record, report, credit, and/or compensate Plaintiff Chime and the Collective Action Members, Defendant Peak Security has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. As a result of Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiff Chime and the Collective Action members, Defendant Peak Security has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

58. As a result of Defendant's violations of the FLSA, Plaintiff Chime and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

FAIR LABOR STANDARDS ACT – OFF-THE-CLOCK WORK
(Brought on Behalf of Plaintiff Chime and the Collection Action Members)

59.     Plaintiff Chime repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

60.     Defendant Peak Security failed to compensate Plaintiff Chime and the Collective Action Members for all time they spent working before and after their shifts.

61.     Defendant Peak Security permitted Plaintiff Chime and the Collective Action members to work before, after and beyond their scheduled shifts.

62.     In failing to compensate Plaintiff Chime and the Collection Action Members, Defendant Peak Security violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

63.     As a result of Defendant's violations of the FLSA, Plaintiff Chime and the Collective Action Members have suffered damages by being denied compensation in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

THIRD CAUSE OF ACTION

NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiff Chime and the Rule 23 Class Members)

64. Plaintiff Chime repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

65. Defendant Peak Security are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Chime and the Rule 23 Class Members.

66. Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendant Peak Security was required to pay Plaintiff Chime and the Rule 23 Class Members one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40).

67. Defendant Peak Security failed to pay the Rule 23 Class Members the overtime wages to which they were entitled under the NYLL.

68. Defendant Peak Security has willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class Members the correct amount of overtime wages.

69. Due to Defendant's violations of the NYLL, Plaintiff Chime and the Rule 23 Class Members are entitled to recover from Defendant Peak Security their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FOURTH CAUSE OF ACTION

### NEW YORK LABOR LAW – OFF-THE-CLOCK WORK
(Brought on Behalf of Plaintiff Chime and the Rule 23 Class Members)

70. Plaintiff Chime repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

71. Defendant Peak Security failed to compensate Plaintiff Chime and the Rule 23 Class Members for all time they spent working after their shifts.

72. Defendant Peak Security permitted Plaintiff Chime and the Rule 23 Class Members to work before, after and beyond their scheduled shifts.

73. In failing to compensate Plaintiff Chime and the Rule 23 Class Members for all hours worked, Defendant Peak Security violated the NYLL and the regulations thereunder, 12 N.Y.C.R.R. § 146-1.2, 1.4.

74. As a result of Defendant's violations of the NYLL, Plaintiff Chime and the Rule 23 Class Members have suffered damages by being denied compensation in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chime, on behalf of himself, the Rule 23 Class and Collective Action Members, respectfully request that this Court grant the following relief:

    a.    Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff Chime and his counsel to represent the Rule 23 Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Chime and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendant Peak Security and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation under the FLSA and NYLL, and for unpaid compensation for off-the-clock work under the FLSA and NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and off-the-clock work under 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and off-the-clock work under the NYLL;

    h.    Equitably tolling the statute of limitations under the FLSA;

    i.    An award of prejudgment and post-judgment interest;

    j.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    k.    Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Chime demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
January 28, 2013

BRONSON LIPSKY LLP

By
   Douglas Lipsky (DL-9372)
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Phone:  212.392.4772
Fax:  212.444.1030
dl@bronsonlipsky.com

Jeffrey M. Gottlieb (JG-7905)
nyjg@aol.com
Dana L. Gottlieb (DG-6151)
danalgottlieb@aol.com
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Phone:  212.228.9795
Fax:  212.982.6284

*Attorneys for Plaintiff Chime and the Putative Class Members*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Peak Security Plus, Inc. to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    12/26/12    Paul Chime_____
Signature                  Date        Print Name