UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAUL CHIME, Individually and on Behalf of
All Other Persons Similarly Situated,

                Plaintiff,

                **ORDER**
v.                 13-cv-470 (WFK) (VVP)

PEAK SECURITY PLUS, INC. and
EMMANUEL OSULA, Jointly and Severally,

                Defendants.

-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Paul Chime ("Plaintiff") brought this action on behalf of himself and others similarly situated alleging Defendants Peak Security Plus, Inc. ("Peak Security") and Emmanuel Osula ("Osula") (collectively, "Defendants") violated the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL") by failing to pay Plaintiff, as well as others similarly situated, overtime wages for hours worked in of forty per week and compensation for work performed "off-the-clock." Dkt. 61 ("Compl."). On September 9, 2013, Plaintiff filed a motion for conditional certification of a collective action. Dkt. 23 ("Motion to Certify"). On September 5, 2014, Defendants filed a Motion to Dismiss. Dkt. 67 ("Motion to Dismiss").

On September 9, 2015, Magistrate Judge Viktor V. Pohorelsky filed a Report and Recommendation ("Report and Recommendation") recommending the Court conditionally certify Plaintiff's proposed collective action, authorize notice to be issued to putative collective members, approve Plaintiff's proposed Notice and Consent forms, and grant Plaintiff's motion for class certification and appoint Plaintiff's current counsel as class counsel. Dkt. 84 ("R&R) at 40-41. Magistrate Judge Pohorelsky further recommended that the Court deny Defendants'

1

motion to dismiss in its entirety. *Id.* at 40. Objections to the Report and Recommendation were required to be filed within fourteen days of the Report and Recommendation. *Id.* at 41; Fed. R. Civ. P. 72(b)(2). On September 23, 2015, Defendants filed objections to the Report and Recommendation on two grounds. Dkt. 85 ("Defendants' Objections to the R&R"). On September 24, 2015, Plaintiff filed objections to the Report and Recommendation on one ground. Dkt. 87 ("Plaintiff's Objections to the R&R").

## DISCUSSION

In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "When objections to a magistrate judge's report and recommendation are lodged, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.) (adopting Report and Recommendation of Magistrate Judge George H. Lowe) (internal quotations marks and citations omitted).

Here, Defendants filed objections to the portions of the Report and Recommendation which did not dismiss Plaintiff's class action claims and which granted Plaintiff's motion for equitable tolling of the statute of limitations. Defendants' Objections to the R&R. However, because Defendants' objections "merely recite the same arguments presented to [Magistrate Judge Pohorelsky]," the Court need only review the Report and Recommendation for clear error. *Praileau*, 2010 WL 3761902, at *1; *compare* Defendants' Objections to the R&R *with* Dkt. 28

2

("Memorandum in Opposition to Certification") at 12-13 and Dkt. 83 ("Supplemental Submission in Opposition to Certification") at 1-2.

Plaintiff filed one objection to the Report and Recommendation, arguing the statute of limitations should have been tolled from September 9, 2013, the date Plaintiff filed the Motion to Certify, and not July 23, 2015, the date Plaintiff submitted a request for equitable tolling. Plaintiff's Objections to the R&R at 3-8. As this objection was not previously presented to the Magistrate Judge, the Court reviews Plaintiff's objection under the *de novo* standard. *Praileau*, 2010 WL 3761902, at *1.

The Court finds there was no clear error in the Report and Recommendation's determination that Defendants' motion to dismiss be denied. The Court further finds that there was no clear error in the Report and Recommendation's determination that the Court "conditionally certify [P]laintiff's proposed collection action under 29 U.S.C. § 216(b), authorize notice to be issued to putative collective members, and subject to the revisions set forth in Section III.D [of the Report and Recommendation], approve [Plaintiff's] proposed Notice and Consent forms[,]" and "grant the [P]laintiff's motion for class certification and appoint [P]laintiff's counsel as class counsel." R&R at 40-41.

With respect to the equitable tolling issue, the Court, notes that while the Report and Recommendation of Magistrate Judge Pohorelsky addresses this relatively open area of the law with a perfectly appropriate approach, this Court considers it a slightly closer call. Given Plaintiff's overall steadfast due diligence during the pendency of these motions, the balance of equities requires granting equitable tolling from September 9, 2013, the date Plaintiff filed the Motion to Certify. *See Kassman v. KPMG LLP*, 11-CV-3743, 2015 WL 5178400, at *8

(S.D.N.Y. Sept. 4, 2015) (Schofield, J.) (there is no bright line rule for equitable tolling as to length of tolling)

The Court therefore adopts the conclusions of Magistrate Judge Pohorelsky's Report and Recommendation with the exception that Plaintiff's statute of limitations shall toll as of the date of the filing of the Motion to Certify – September 9, 2013. *See* Motion to Certify.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2015
Brooklyn, New York